IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID WILLIAM KNARR,                                      Case. No. 6:26-cv-1612-MC

        Plaintiff,                                      OPINION & ORDER

    v.

LINN COUNTY CIRCUIT COURT,

        Defendant.

_____

MCSHANE, Judge:

Plaintiff, proceeding pro se, filed a "Notice of Removal Request," seeking to have his ongoing state criminal proceedings removed to this Court. Although Plaintiff did not file for leave to proceed *in forma pauperis* (IFP), he did not pay the filing fee and the Court construes his motion as one for leave to proceed IFP. This court has discretion in deciding whether to grant *in forma pauperis* status. *See O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). To qualify for *in forma pauperis* status, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims the litigant seeks to pursue are not frivolous. 28 U.S.C. § 1915(a)(1), 1915(e)(2)(B)(i); *O'Loughlin*, 920 F.2d at 617.

To the extent Plaintiff's criminal proceedings are ongoing, *Younger* abstention bars his claims. "*Younger* abstention is a common law equitable doctrine holding that a federal court should refrain from interfering with a pending state court proceedings. *Poulos v. Caesars World, Inc.*, 379 F.3d 654, 699 (9th Cir. 2004) (citations omitted). *Younger* abstention applies when: (1) the state proceedings are ongoing; (2) the claims implicate important state interests; and (3) the

1 – Opinion & Order

state proceedings provide an adequate forum to raise federal questions. *Weiner v. County of San Diego*, 23 F.3d 263, 266 (9th Cir. 1994).

Absent here are any "extraordinary circumstances" that might uproot the "strong federal policy against federal-court interference with pending state judicial proceedings." *Gilbertson v. Albright*, 381 F.3d 965, 973 (9th Cir. 2004) (quoting *Middlesex Co. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)). Nothing prohibits Plaintiff from making his arguments in his ongoing state criminal proceedings. If Plaintiff believes that the state court judge errs, the permissible next step is not the filing of a federal action, but rather an appeal to the Oregon Court of Appeals.

To the extent Plaintiff's complaint is an attempt at an end run around state court proceedings, the claims are barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine precludes lower federal courts from hearing claims that collaterally attack prior state court decisions. *See Ignacio v. Judges of U.S. Court of Appeals for the Ninth Circuit*, 453 F.3d 1160, 1165 (9th Cir. 2006); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 & n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Finally, to the extent Plaintiff's claims here implicate the validity of any state court criminal conviction, they are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

Because this Court lacks jurisdiction, this action must be dismissed.

IT IS SO ORDERED.

DATED this 4th day of August, 2026.

_____/s/ Michael McShane_____
Michael McShane
United States District Judge

2 – Opinion & Order